UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-138-BAJ-RLB |
| VERSUS | JUDGE BRIAN A. JACKSON |
| LARRY WALKER | |

**MEMORANDUM IN SUPPORT OF OPPOSITON TO UNITED STATES'
MOTION IN LIMINE TO ADMIT EVIDENCE OF PRIOR CONVICTIONS
UNDER FED. R. EVID. 609 and 405(a)**

*May It Please the Court:*

**LARRY WALKER,** through undersigned counsel, respectfully submits this Memorandum in Support of his Opposition to the United States' Motion in Limine. Mr. Walker requests, for the reasons more specifically set forth below, that the government's motion be denied.

### BACKGROUND

Mr. Walker is charged with violations of 18 U.S.C. §§ 371 and 2; access device fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 2; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. As you Honor has already been briefed on the procedural and factual background, Mr. Walker will not regurgitate it here. As noted by the government in its motion, a detailed discussion of the background is not necessary.

The focus of the government's motion are the previous convictions of the defendant, Mr. Walker, that the government is seeking to introduce. The first conviction is dated June 14, 2000. It is a conviction for Forgery of U.S. Postal money orders. The second conviction is from February 11, 2004. This conviction is for forgery.

**LAW AND ARGUMENT**

1. **Federal Rule of Evidence 609**

The Government is seeking to use the two prior convictions as impeachment evidence against Mr. Walker. Rule 609 of the Federal Rules of Evidence governs the use of impeachment by evidence of a criminal conviction. The rule divides the evidence into two categories: (1) Convictions less than 10 years old and (2) Convictions older than 10 years. Fed. R. Evid. 609(a) & (b). The latter provision applies in this case as both convictions are older than 10 years.

Despite this seemingly clear division, much of the government's analysis deals with Fed. R. Evid. 609(a) which deals with convictions less than ten years old. This is an attempt to obfuscate the distinction between the two different classes of conviction. In doing so, the government is attempting to side step the relatively clear case law in the Fifth Circuit that surrounds Fed. R. Evid. 609(b).

As noted above, a time limit is imposed by Fed. R. Evid. Rule 609(b). United States v. Charles, 366 Fed.Appx. 532, 541–42 (5th Cir.2010). "[T]he probative value of a conviction over ten years old is outweighed by its prejudicial effect." See United States v. Charles, 366 Fed.Appx. 532, 541–42 (5th Cir.2010); citing United States v. Estes, 994 F.2d 147, 149 (5th Cir.1993). "The general rule is inadmissibility." Id. The legislative history of rule 609(b) "makes clear that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." United States v. Cathey, 591 F.2d 268, 275 (5th Cir.1979) "Congress intended that trial judges be extremely cautious in admitting evidence of remote convictions." Id.

The government in its memo even references the 2006 amendment notes that deal exclusively with Fed. R. Evid. 609(a)(2). It takes the position that the Federal Rules of Evidence presumptively admit crimes of dishonesty or false statements that are less than 10 years old. While the notes and the presumption may be correct, it completely ignores the distinction that Fed. R. Evid. 609 creates. See Charles, 366 Fed.Appx. 532. The language of 609(a) is not an exception to the ten-year limit of rule 609(b). Rather, that language is in rule 609(a)(2), which merely indicates that such crimes are admissible regardless of the punishment that was imposed. Id.; See Rule 609(a)(1), (2). Rule 609(b)'s ten-year limit applies as a separate test of all convictions, even ones where "it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Id; Rule 609(a)(2).

The government also indicates that the 12 and 16-year time passage for Mr. Walker's convictions are not so remote in time as to have lost their probative value. That clearly ignores the distinction created in the rule and the case law in the 5th circuit. Estes, 994 F.2d 147. The government also states that the length of time between the prior convictions and the current indictment proves the lack of truthfulness of Mr. Walker. The government says that Mr. Walker is persisting in his criminal endeavors. This statement seems to ignore that principle that the law presumes that persons charged with crimes are innocent until they are proven to be guilty. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895). The government's argument is that it should be able to use past convictions of Mr. Walker

because Mr. Walker will be found guilty of the crimes for which he is now accused. This logic is anathema to the fundamental concepts of American jurisprudence. Id.

The government is attempting to control and circumvent Mr. Walker's ability to exercise his own right to testify in his own defense. The right to testify at a criminal trial is an essential part of due process in the United States. Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The government is attempting to shoe horn impermissible 404b evidence. As the court is no doubt aware, the government previously attempted to introduce so called "404b" evidence against Mr. Walker. Mr. Walker opposed this introduction and the government subsequently chose not to introduce the evidence. This attempted introduction through Federal Rule of Evidence 609 is an attempt to make and end run around the Federal rule of evidence 404(b) with the added benefit of preventing Mr. Walker from testifying.

The majority of the case law cited by the government in its motion is, coincidentally found outside the 5th circuit. However, the case law in the 5th circuit is clear. Federal Rule of evidence 609(b) creates a presumption that the probative value of convictions over 10 years is outweighed by its prejudicial effect. Charles, 366 Fed.Appx. 532. Convictions older than ten years should only be admitted in exceptional circumstances. Id. There exist no exceptional circumstances in the instant case. The government has not pointed to any specific facts or circumstances that would allow them to overcome the heavy burden set by rule 609(b). The government merely conflates Federal Rules of evidence 609(a) and 609(b) and points out facts that are present in every case concerning impeachment evidence.

### 2. Federal Rule of Evidence of 405

The government is also seeking to introduce Mr. Walker's prior convictions pursuant to Federal Rules of Evidence 405(a). The Government has taken the position that if Mr. Walker were to offer character evidence in the form of reputation testimony, the Government would then be permitted to refer to specific acts of misconduct that is at odds with the reputation testimony provided by the witness. While this view is not wholly incorrect, it ignores the necessity for the court to weigh the probative value of the evidence versus the prejudicial effect to the defendant.

The Advisory Committee's Note on Fed. R. Evid. 405 cites Michelson v. United States, 335 U.S. 469, 69 S. Ct. 213, 93 L.Ed. 168 (1948) when saying:

> (wherein) cross-examination inquiry (was ) allowable (to find) whether the reputation witness (had) heard of particular instances of conduct pertinent to the trait in question.

The 5th Circuit held that once a witness testifies concerning a defendants' good character, it is permissible during cross-examination to attempt to undermine the witness' credibility by asking about prior specific acts of misconduct. United States v. Wells, 525 F.2d 974 (5th Cir. 1976).

> The court in Wells, limited judicial discretion in two ways:
>
> . . . first, a requirement that the prosecution have some good faith factual basis for the incidents inquired about (citations omitted); and second, a requirement that the incidents inquired about are relevant to the character traits involved at the trial. (Citations omitted)

Id, See United States v. Edwards, 549 F.2d 362 (5th Cir. 1977). In addition, Cross-examination of good character witness as to events affecting character trait or traits, which

have been elicited through testimony, should only be permitted when probative value of information, which might be elicited, outweighs prejudice to defendant. United States v. Lewis, 482 F.2d 632 (D.C. Cir. 1973) 482 F.2d 632. Courts have excluded evidence where the probative value of the evidence was outweighed by the potential for undue prejudice. United States v. Van Anh, 523 F.3d 43 (1st Cir. 2008); United States v. Waloke, 962 F.2d 824 (8th Cir. 1992).

In this case, Mr. Walker avers, that based on the test listed above, evidence of his prior crimes should not be permitted. Mr. Walker avers that a jury will be improperly influenced. The jury may use the prior conviction to convict him of the current charges, rather than using the burden of guilt required by the constitution and would fail to properly evaluate the credibility of witness. Instead, the evidence will be used to improperly evaluate Mr. Walkers character and ultimately convict him.

**Conclusion**

Federal rule of Evidence 609 creates a presumption in the law that convictions older than ten years are not admissible for impeachment purposes, absent a showing of exceptional circumstances. No such exceptional circumstances exist in this case. Thus, the government's motion to admit evidence pursuant to Federal Rules of Evidence 609 should be denied.

In addition, Mr. Walker request that before any prior conviction is mentioned on cross examination to any purported character witness, that this Court first be satisfied that not only has the testimony about Mr. Walker's character been brought out by the witness, but that the prosecution have some good faith factual basis for the incidents inquired about

and, also require that the incidents inquired about are relevant to the character traits involved at the trial.

> RESPECTFULLY SUBMITTED,
>
> s/ David J. Rozas
> David J. Rozas
> Bar Roll Number: 29505
> **ROZAS AND ROZAS LAW FIRM, LLC**
> 758 Royal Street
> Baton Rouge, Louisiana 70802
> Telephone: (225) 343-0010
> Facsimile: (225) 343-5018

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Assistant United States Attorney by operation of the court's electronic filing system.

> /s/ David J. Rozas
> David J. Rozas